IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**RICHARD D. SMITH,**

       **Plaintiff,**

**vs.**                                        **1:04CV397-MMP/AK**

**JOSEPH E. SMITH, et al,**

       **Defendants .**

       _____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause pursuant to 42 U.S.C. § 1983 alleging that Judge Joseph Smith, Assistant State Attorney James Browning, and Deputy Sheriff Robert Schultz violated his constitutional rights in prosecuting him for a crime for which he is presently serving a life sentence. (Doc. 17). He seeks damages.

As Plaintiff was advised by previous Order (doc. 13), these facts as presented fail to state a claim upon which relief can be granted.

Initially, claims for damages related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).

Further, two of the defendants, Judge Smith and State Attorney James Browning, are entitled to absolute immunity which are grounds for § 1915(d) dismissal. Clark v. Ga. State Pardons and Parole Bd., 915 F.2d 636, 640 n. 2 (11th Cir. 1990); Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999). Such absolute immunity extends to a prosecutor's "acts undertaken...in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L.Ed.2d 209 (1993). Immunity extends to a prosecutor even if he offers perjured testimony or fabricated exhibits. Rowe v. City of Ft. Lauderdale, 279 F.3d 1271, 1279-1280 (11th Cir. 2002).

Finally, a federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988). Plaintiff claims that the evidence was fabricated on August 19, 1999, and he was arrested based on this false evidence on January 22, 2000, and the evidence was used by the prosecutor on February 8, 2000. Thus, the four year statute of limitations would expire at the latest on February 8, 2004. This complaint was filed on October 20, 2004, over eight months late.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc. 17, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** at Gainesville, Florida, this **11th** day of October, 2005.

s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**